# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JASON J. WHITE
ADC #144276                                                                                  PLAINTIFF

V.                             CASE NO. 5:13CV00071 KGB/BD

CORIZON HEALTH INC. and
CONNIE HUBBARD                                                                           DEFENDANTS

## RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

>Mail your objections and "statement of necessity" to:
>
>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

**II.** **Background:**

Plaintiff Jason J. White, an Arkansas Department of Correction ("ADC") inmate, filed this case *pro se* under 42 U.S.C. § 1983. (Docket entry #2) In his amended complaint, Mr. White claimed Connie Hubbard acted with deliberate indifference to his medical needs.[1] (#4) Defendant Hubbard has moved for summary judgment (#22) on the grounds that Mr. White failed to exhaust his administrative remedies. Mr. White was notified of his opportunity to respond to Defendant Hubbard's motion for summary judgment (#25), but he has not responded.

**III.** **Discussion:**

It is settled law that prisoners must exhaust available administrative remedies before turning to the courts. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). As a general rule, a court is obliged to dismiss all claims that were not fully exhausted before the lawsuit was filed. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

---

[1] Corizon Health, Inc., the only other Defendant, was dismissed as a party on May 30, 2013. (#17)

In support of her motion, Defendant Hubbard offers the affidavit of Shelly Byers, the ADC Medical Grievance Coordinator for Deputy Director Wendy Kelley. (# 24-1) Ms. Williams testifies that Mr. White did not exhaust any grievances containing allegations of deliberate indifference to his medical needs prior to filing this lawsuit. (*Id*.) Although Mr. White submitted six medical-related grievances during the time period relevant to this lawsuit, according to Ms. Byers, Mr. White did not complete the grievance process with regard to any of those grievances by filing an appeal as required by ADC policy. (#24-1)

Mr. White has failed to come forward with any proof to rebut the evidence showing that he did not fully exhaust the claims brought in this lawsuit. As a result, his claims should be dismissed, without prejudice.

## IV.    Conclusion:

The Court recommends that Mr. White's claims against Connie Hubbard be DISMISSED, without prejudice, and that Mr. White's case be DISMISSED.

DATED this 5th day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE